SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**NICHOLAS D. MEYERS, OSB #222743**
Nicholas.Meyers@usdoj.gov
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:25-cr-00373-AN** |
| **v.** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **ANTHONY DUKESHIRE,** | |
| **Defendant.** | |

Defendant Anthony Drew Dukeshire is before the Court after pleading guilty to one count of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The government recommends the jointly agreed sentence of 15 months' imprisonment, followed by a three-year term of supervised release and a $100 special assessment. The government does not seek a fine, and restitution is not applicable.

The offense arose from Defendant's possession of a revolver that he kept for protection while he sold cocaine. Defendant has a prior felon-in-possession conviction and two first-degree robbery convictions, but the firearm was not brandished, discharged, or used to threaten anyone, and he has accepted responsibility for his conduct.

**Government's Sentencing Memorandum**                                                 **Page** 1

I.      **Factual Background**

A.      **Offense Conduct**

On February 6, 2025, Portland police officers responded to the apparent overdose death of Defendant's girlfriend.  Defendant was present at the residence.  Officers observed no signs of trauma or a disturbance, and first responders found approximately 1.3 grams of suspected cocaine in the deceased's bag.  PSR ¶¶ 13-16.

Several days later, the deceased's sister reported finding suspected drug-packaging materials and an unloaded Taurus .38 caliber revolver concealed inside an ottoman.  During a recorded call, Defendant admitted that the revolver belonged to him and that he and the deceased had used cocaine together.  After his arrest, he admitted that the two had sold small amounts of cocaine since approximately May 2024 and had possessed the revolver for about a year for protection.  Defendant stated that the firearm was primarily in his possession and was not kept loaded.  PSR ¶¶ 17-19.

B.      **The Charge and Plea Agreement**

Defendant was federally charged on September 17, 2025, in a single-count indictment alleging felon in possession of a firearm.  On June 11, 2026, he pleaded guilty under a written Rule 11(c)(1)(B) plea agreement.  PSR ¶¶ 1, 3.  The parties stipulated to a base offense level of 14 under USSG §2K2.1(a)(6), a four-level increase under §2K2.1(b)(6)(B), and a three-level reduction for acceptance of responsibility, resulting in a total offense level of 15.  They also agreed to jointly recommend 15 months' imprisonment and three years of supervised release.  PSR ¶¶ 5-9.  The Court is not bound by those recommendations.

///

///

**Government's Sentencing Memorandum**                                                                 **Page** 2

### C.     Guidelines Computation

Probation instead applies a base offense level of 20 under §2K2.1(a)(4)(A), reasoning that Defendant's 2015 conviction for Oregon first-degree robbery is a crime of violence under §4B1.2(a)(1).  After the agreed four-level enhancement and three-level acceptance reduction, the PSR calculates a total offense level of 21.  Combined with Criminal History Category II, that produces an advisory range of 41 to 51 months.  PSR ¶¶ 24-33, 40. Probation recommends a downward variance to 21 months, above the parties' joint recommendation of 15 months.

The government respectfully maintains the calculation contained in the plea agreement is correct. In *United States v. Shelby*, 939 F.3d 975, 979-82 (9th Cir. 2019), the Ninth Circuit held that Oregon first-degree robbery under ORS § 164.415(1)(a) is not categorically a violent felony under the materially identical elements clause of the Armed Career Criminal Act because the offense requires only that the defendant be "armed with a deadly weapon."  Defendant's indictment used that same charging language.  PSR ¶ 40.  The Oregon Supreme Court's opinion in *State v. Williams*, 374 Or. 648, 681-82 (2025), recently clarified the force required for Oregon third-degree robbery, and may provide an argument for revisiting *Shelby*.  However, *Shelby* remains binding unless it is clearly irreconcilable with intervening higher authority.  See *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc).  The government therefore adheres to the stipulated base offense level of 14.

Under the parties' calculation, a total offense level of 15 and Criminal History Category II produce an advisory range of 21 to 27 months.  The agreed 15-month sentence recommendation is a six-month downward variance from that range.

///

///

**Government's Sentencing Memorandum**                                                    **Page** 3

### D.      Criminal History

Defendant's criminal history is significant.  He was convicted of felon in possession of a firearm in 2013, and he received concurrent 90-month sentences for two first-degree robbery convictions arising from separate incidents in 2015.  PSR ¶¶ 39-41.  The PSR assigns three points to one robbery conviction and treats the concurrent robbery sentence as part of the same sentence, resulting in Criminal History Category II.  PSR ¶¶ 40-41.

## II.      Argument

### A.      The Jointly Recommended Sentence Is Appropriate

The Sentencing Guidelines are advisory, but they remain the starting point and initial benchmark for the Court's sentencing decision.  *Gall v. United States*, 552 U.S. 38, 49 (2007).  After considering the advisory range and the factors in 18 U.S.C. § 3553(a), the Court should impose the jointly recommended sentence.

The government does not minimize Defendant's conduct.  He knowingly possessed a firearm despite a prior firearm conviction, kept it for an extended period, and admitted that it served as protection while he sold cocaine.  PSR ¶¶ 18-19, 39. Those facts warrant a custodial sentence. At the same time, the offense did not involve a loaded firearm, brandishing, threats, or violence.  Defendant admitted ownership, acknowledged the drug conduct supporting the four-level enhancement, timely pleaded guilty, and received the full acceptance reduction.  PSR ¶¶ 18-19, 21-22.

A 15-month sentence will impose a meaningful federal sanction and likely approximate time served.  The agreed three-year term of supervised release will provide continued monitoring, treatment, testing, and deterrence.  The additional six months recommended by Probation are not necessary to satisfy the purposes of sentencing in this case.

**Government's Sentencing Memorandum**                                                         **Page** 4

**B.      Supervised Release, Restitution, Fine, and Forfeiture**

The United States recommends the three-year term of supervised release contemplated by the plea agreement and recommended by Probation, together with the proposed mandatory, standard, and special conditions.  In particular, the reasonable-suspicion search condition and the substance-abuse treatment and testing conditions are appropriately tailored to Defendant's firearm possession, admitted cocaine use and sales, and need for continued monitoring.

Restitution is not applicable, and the United States does not seek a fine.  PSR ¶¶ 73, 76-77.  The Court should impose the mandatory $100 special assessment for Count 1.  The Taurus revolver identified in the indictment is subject to forfeiture under the plea agreement.  PSR ¶¶ 2, 10. The government separately submitted a motion for forfeiture, which the Court granted on June 24, 2026. ECF 34.

**III.     Conclusion**

For the foregoing reasons, the United States respectfully recommends that the Court impose the jointly agreed sentence of 15 months' imprisonment on Count 1, followed by three years of supervised release and a $100 special assessment.

Dated: July 27, 2026

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

s/ *Nicholas D. Meyers*
NICHOLAS D. MEYERS, OSB #222743
Assistant United States Attorney

**Government's Sentencing Memorandum**                                                      **Page 5**